**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDWARD HAROLD STEVENS WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER ERIC KERR, CITY OF NEW CASTLE POLICE DEPARTMENT, CITY OF NEW CASTLE, and SUPERVISORY OFFICIALS OF THE CITY OF NEW CASTLE,<br><br>Defendants. | ) | Civil Action No. 25-1594 |

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court are a motion and cross-motion that are pending in this case. The following Defendants have filed a Motion to Dismiss pro se Plaintiff Edward Harold Stevens Wright's ("Plaintiff") Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Motion to Dismiss" or "Motion"): Eric Kerr; City of New Castle; and City of New Castle, incorrectly identified as City of New Castle Police Department. (Docket Nos. 9, 10). Plaintiff has filed a brief opposing Defendants' Motion, and has also moved, in the alternative, for leave to amend his Complaint ("Motion to Amend"). (Docket No. 11). Defendants have not filed a response to Plaintiff's Motion to Amend.

For the following reasons, the Court will dismiss Plaintiff's Complaint for failure to comply with the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, Defendants' Motion to Dismiss will be granted to the extent Defendants seek dismissal of the Complaint, and Plaintiff's Motion to Amend will also be granted.

## I. BACKGROUND

Plaintiff's claims in this action appear to arise from his arrest on September 30, 2025, and

subsequent events. (Docket No. 1). In the Complaint, which was filed in this case on October 15, 2025, Plaintiff contends that a number of individuals and entities violated his rights under both the United States Constitution and Pennsylvania's Constitution. (*Id.*).

Plaintiff has brought suit here against a number of actors who were allegedly involved in some way in the arrest and in later events, including: Officer Eric Kerr, City of New Castle Police Department, City of New Castle, and unnamed Supervisory Officials of the City of New Castle. (Docket No. 1). The Complaint (which is extremely brief, considering the claims alleged therein) includes the following causes of action: Count I – Unlawful Entry and Seizure (42 U.S.C. § 1983 and Fourth Amendment); Count II – Deprivation of Liberty Without Due Process (42 U.S.C. § 1983 and Fourteenth Amendment); Count III – Violation of Pennsylvania Constitution (Article 1, § 8); Count IV – False Arrest and Mistaken Identity (42 U.S.C. § 1983); and Count V – Fabrication of Evidence and Conspiracy (42 U.S.C. §§ 1983, 1985). (Docket No. 1 at 3). Plaintiff is seeking judgment against all Defendants jointly and severally for compensatory and punitive damages in the amount of $800,000, dismissal of all criminal charges associated with the unlawful arrest, disciplinary review of the officers involved, reasonable costs of this action, and any other relief this Court deems just and proper. (*Id.*).

As indicated above, Defendants have filed a Motion to Dismiss the Complaint, and Plaintiff has opposed Defendants' motion and moved for leave to file an Amended Complaint. The motions have been briefed and are ripe for disposition.

## II. DISCUSSION

The Court notes that Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of [a] claim showing that the pleader is entitled to relief,' in order to 'give the defendant[s] fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In determining the sufficiency of a pro so complaint, the Court must construe it liberally pursuant to Rule 8(a)(2) in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Furthermore, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94 (internal quotation marks and citation omitted).

Nevertheless, a pro se complaint is required to "set forth sufficient information to outline the elements of [a] claim or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (internal quotation marks and citation omitted). Additionally, a court need not accept legal conclusions disguised as statements of fact, unsupported conclusions, or unwarranted inferences. *See Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007). "[A] pro se complaint must still contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011) (internal quotation marks and citation omitted). Therefore, "pro se litigants still must allege sufficient facts in their complaints to support a claim," and "they cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (internal citations omitted).

In the present case, Plaintiff's brief 4-page Complaint, which also includes a number of attached documents that appear to be related to the underlying arrest, alleges the above-referenced five Counts against Defendants (seemingly as a group), although the specific factual allegations against the individual Defendants are sparse. (Docket No. 1). Upon review of the Complaint as a whole, the Court finds that it does not comply with Rule 8(a)(2)'s requirement that Plaintiff provide "'a short and plain statement of the claim[s] showing that [he] is entitled to relief,' in order to 'give

the defendant[s] fair notice of what the . . . claim[s] [are] and the grounds on which [the claims] rest[].'" *Twombly*, 550 U.S. at 555. For example, after providing a short summary of his case, Plaintiff makes only very brief allegations regarding the actions of individual Defendants in relation to his arrest. (Docket No. 1 at 2-3). Plaintiff also sets forth his Counts with broad labels (such as Count V, "Fabrication of Evidence and Conspiracy (42 U.S.C. § 1983 &1985)"), and he includes under each Count only a short conclusory statement further identifying the claims alleged or baldly asserting that Defendants are liable for such claims (for example, at Count V, "Defendants knowingly altered identifying information after Plaintiff's arrest to justify an unlawful seizure, constituting a conspiracy to violate civil rights."). However, Plaintiff fails to aver sufficient additional facts to support such statements and to show that each Defendant is liable for each claim alleged against them.

Thus, Plaintiff makes no effort to elaborate upon the actions of the various individuals and entities involved in each of the alleged wrongs in order to establish particular claims against any of them. Accordingly, at this juncture, it appears that Plaintiff may be attempting to connect any and all Defendants to the Counts in the Complaint by asserting that they were responsible as a group for the alleged actions underlying his claims. However, a plaintiff asserting civil rights violations cannot state claims for relief by alleging that named defendants wronged him as a group. *See Cheng v. Byrd*, Civ. Action No. 24-5345, 2024 WL 3873945, at *2 (D.N.J. Aug. 20, 2024). Rather, a plaintiff must state a civil rights claim against each named defendant by specifically pleading how each defendant was personally involved in the alleged violation of his rights. *See Chavarriaga v. N.J. Dep't of Corrs.*, 806 F.3d 210, 222 (3d Cir. 2015). Here, the Complaint does not include sufficient specific factual averments regarding Defendants to support each claim alleged against each Defendant. Therefore, the Court finds that the Complaint fails to provide

Defendants with fair notice of what each claim against them is and on what factual grounds each claim is based, in accordance with the requirements of Rule 8(a)(2).

Because Plaintiff's Complaint fails to comply with the general pleading requirements of Rule 8(a)(2), Defendants' Motion to Dismiss will be granted to the extent Defendants seek dismissal of the Complaint. At this juncture, Plaintiff's claims against Defendants will be dismissed without prejudice to the filing of an Amended Complaint that adheres to the pleading requirements of Rule 8. *See Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 113 (3d Cir. 2018) (stating that if a civil rights complaint fails to state a claim, a district court must grant leave to amend unless such amendment would be futile or inequitable). Accordingly, Plaintiff's Motion to Amend will also be granted. Should Plaintiff choose to file an Amended Complaint in this matter, he is instructed to consider the pleading deficiencies of the Complaint as discussed herein by the Court, to consult the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Western District of Pennsylvania, and to file an Amended Complaint that addresses such deficiencies.[1]

## III. CONCLUSION

For all these reasons, the Court will dismiss the Complaint for failure to comply with the

[1] Furthermore, in filing an Amended Complaint, Plaintiff is advised to avoid submitting a "shotgun" pleading:

> A complaint constitutes an improper shotgun pleading where it "includes pleadings that contain multiple counts where each count adopts the allegations of all preceding counts and assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Milo, LLC v. Procaccino*, No. CV 16-5759, 2020 WL 1853499, at *10 (E.D. Pa. Apr. 13, 2020) (quoting *Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017)) ([emphasis and internal quotation marks omitted]). While it is not the case that every complaint that asserts multiple claims against multiple defendants is a shotgun pleading, complaints will be assessed as improper shotgun pleadings where they fail to provide "defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* (quoting *M.B. v. Schuylkill Cty.*, 375 F. Supp. 3d 574, 587 (E.D. Pa. 2019) [(internal quotation marks omitted)]).

*Comer v. American Transmission Sys., Inc.*, No. CV 23-1464, 2025 WL 1530750, at *4 (W.D. Pa. May 29, 2025).

pleading requirements of Rule 8(a)(2), Defendants' Motion to Dismiss will be granted to the extent Defendants seek dismissal of Plaintiff's Complaint, Plaintiff's Motion to Amend will also be granted, and, if Plaintiff wishes to amend his claims, he will be permitted to file an Amended Complaint that addresses the Complaint's pleading deficiencies identified above.

## **ORDER OF COURT**

AND NOW, this 22nd day of September, 2026, IT IS HEREBY ORDERED that, for the reasons set forth, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to comply with the pleading requirements of Rule 8(a)(2), and Defendants' Motion to Dismiss (Docket No. 9) is GRANTED to the extent Defendants seek dismissal of the Complaint.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend (Docket No. 11) is GRANTED. Accordingly, if Plaintiff wishes to file an Amended Complaint to address the pleading deficiencies addressed in the Court's Memorandum above, he shall do so by **October 22, 2026**, in which case Defendant(s) shall respond thereto by **November 23, 2026**. If Plaintiff does not file an Amended Complaint by **October 22, 2026**, this case will be closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: Edward Harold Stevens Wright (via U.S. Mail)
All counsel of record